**Ambrocio Amilcar CIFUENTES–
PUAC, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney
General, Respondent.**

No. 08–72745.

United States Court of Appeals,
Ninth Circuit.

Submitted April 5, 2010.*

Filed April 15, 2010.

Jenny Tsai, Green & Tsai, Attorneys At
Law, San Francisco, CA, for Petitioner.

OIL, Margaret Judson Perry, Arthur
Leonid Rabin, Trial, DOJ–U.S. Depart-
ment of Justice, Washington, DC, Ronald
E. Lefevre, Office of the District Counsel,
Department of Homeland Security, San
Francisco, CA, for Respondent.

Before: RYMER, McKEOWN, and
PAEZ, Circuit Judges.

MEMORANDUM **

Ambrocio Amilcar Cifuentes–Puac, a na-
tive and citizen of Guatemala, petitions for
review the Board of Immigration Appeals'
("BIA") order dismissing his appeal from
an immigration judge's denial of his appli-
cation for asylum, withholding of removal,
and protection under the Convention
Against Torture ("CAT"). We have juris-
diction under 8 U.S.C. § 1252. We review
de novo questions of law, *Cerezo v. Muka-*

sey, 512 F.3d 1163, 1166 (9th Cir.2008),
except to the extent that deference is owed
to the BIA's determination of the govern-
ing statutes and regulations, *Simeonov v.
Ashcroft,* 371 F.3d 532, 535 (9th Cir.2004).
We review factual findings for substantial
evidence. *Zehatye v. Gonzales,* 453 F.3d
1182, 1184–85 (9th Cir.2006). We deny the
petition for review.

We reject Cifuentes–Puac's claim that
he is eligible for asylum and withholding of
removal based on his anti-gang political
opinion or his membership in a particular
social group of people who refuse to join
gangs. *See Barrios v. Holder,* 581 F.3d
849, 854–56 (9th Cir.2009); *Santos–Lemus
v. Mukasey,* 542 F.3d 738, 745–47 (9th
Cir.2008). Cifuentes–Puac's claim that he
is eligible for asylum and withholding of
removal based on his membership in a
particular social group consisting of his
family also fails. *See Molina–Estrada v.
INS,* 293 F.3d 1089, 1095 (9th Cir.2002) (no
compelling evidence the applicant was per-
secuted on account of his family member-
ship). Because Cifuentes–Puac failed to
demonstrate he was persecuted or fears
persecution on account of a protected
ground, we deny the petition as to his
asylum and withholding of removal claims.
*See Barrios,* 581 F.3d at 856.

Substantial evidence also supports the
agency's denial of CAT relief because Ci-
fuentes–Puac failed to establish that it is
more likely than not he will be tortured in
Guatemala. *See Wakkary v. Holder,* 558
F.3d 1049, 1067–68 (9th Cir.2009).

Lastly, contrary to Cifuentes–Puac's
contentions, the BIA did not conduct im-
proper analysis when making its political

---

* The panel unanimously concludes this case is
  suitable for decision without oral argument.
  *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
   cation and is not precedent except as provid-
   ed by 9th Cir. R. 36–3.

opinion and CAT findings. *See* 8 C.F.R. § 1003.1(d)(3)(i)–(ii).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

